## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ELLEN COOK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **CASE NO. 3:25-cv-01245** |
| **OMNICOM GROUP INC. AND** | § | |
| **TPN HOLDINGS, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

**Preliminary Statement** ....................................................................................... 1

**Cook's Factual Allegations** ................................................................................ 2

**Applicable Legal Standards** ............................................................................. 3

   I.  FRCP 12(b)(6) ................................................................................................ 3

   II.  FRCP 8(a) .................................................................................................... 4

   III. Equal Pay Act .............................................................................................. 4

   IV. ADEA, TITLE VII, and TCHRA ................................................................ 5

   V.  Judicial Notice ............................................................................................. 6

   VI. Failure to Exhaust Administrative Remedies .......................................... 7

**Argument** ........................................................................................................... 8

   I.   The Complaint Should Be Dismissed Because It Is An Improper Group
      Pleading .................................................................................................... 8

   II.  Cook's Title VII, ADEA, EPA, And TCHRA Claims Should Be Dismissed As
      To OGI ..................................................................................................... 10

   III. Cook's ADEA Retaliation Claim Should Be Dismissed ............................. 13

   IV. Cook's EPA Claims Should Be Dismissed ............................................... 14

        A. Cook's EPA Discrimination Claim Fails ......................................... 14

        B. Cook's EPA Retaliation Claim Fails ............................................... 18

   V.  Cook's Discrimination Claims Should Be Dismissed To The Extent These
      Claims Are Based On Any Adverse Action Or Alleged Treatment Other Than
      The Termination Of Her Employment ...................................................... 21

   VI. Cook's TCHRA Claims Should Be Dismissed Because These Claims Are
      Time-Barred ............................................................................................. 23

**Conclusion** ....................................................................................................... 25

## TABLE OF AUTHORITIES

**Cases**

29 U.S.C. § 626 ........................................................................................................ 7

*Adams v. Daimlerchrysler Servs. NA LLC,*
    252 F. App'x 681 (5th Cir. 2007) ............................................................. 8, 23

*Adr Int'l Ltd. v. Inst. For Supply Mgmt., Inc.,*
    667 F. Supp. 3d 411 (S.D. Tex. 2023) .......................................................... 10

*Ajayi v. Walgreen Co.,*
    562 F. App'x 243 (5th Cir. 2014) .................................................................... 8

*Alexander v. Marriott Int'l, Inc.,*
    2011 U.S. Dist. LEXIS 33329 (D. Md. Mar. 29, 2011) ............................... 18

*Allison v. City of Fort Worth, Tex.,*
    60 F. Supp.2d 589 (N.D. Tex. 1999) ............................................................... 8

*Arias v. Amazon Fulfillment,*
    2019 U.S. Dist. LEXIS 43817 (N.D. Tex. Feb. 19, 2019) ............................. 6

*Armbrister v. McFarland,*
    2018 U.S. Dist. LEXIS 194901 (N.D. Tex. Oct. 30, 2018) ............................ 7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................... 3, 4

*Badgerow v. REJ Properties, Inc.,*
    974 F.3d 610 (5th Cir. 2020) ........................................................................ 15

*Baker v. Aetna Life Ins. Co.,*
    228 F. Supp. 3d 764 (N.D. Tex. 2017) ......................................................... 13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................................... 4

*Boudreau v. Nokia of Am. Corp.,*
    2020 U.S. Dist. LEXIS 238371 (N.D. Tex. Dec. 18, 2020) .................... 15, 16

*Brooks v. W. Tex. Credit Union,*
    2025 U.S. Dist. LEXIS 19674 (W.D. Tex. Jan. 31, 2025) ........................... 15

*Chhim v. City of Houston,*
    2024 U.S. Dist. LEXIS 183438 (S.D. Tex. Oct. 8, 2024) ....................... 14, 21

*Chhim v. Univ. of Tex. at Austin,*
    836 F. 3d 467 (5th Cir. 2016) ....................................................................... 21

*Childers v. Lifestyles Unlimited, Inc.,*
    2023 U.S. Dist. LEXIS 101475 (N.D. Tex. June 12, 2023) ....................... 8, 9

*Christopher v. Mobil Oil Corp.,*
    950 F.2d 1209 (5th Cir. 1992) ........................................................................ 8

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496 (5th Cir. 2000) .......................................................................... 7

*Connor v. Office of the AG,*
    2015 U.S. Dist. LEXIS 27174 (W.D. Tex. Mar. 5, 2015) ............................ 19

*Crain v. Judson Indep. Sch. Dist.,*
    2018 U.S. Dist. LEXIS 183777 (W.D. Tex. Oct. 26, 2018) ......................... 19

*Culumber v. Morris Network of Miss., Inc.*,
    2024 U.S. Dist. LEXIS 129536 (S.D. Miss. July 23, 2024) .................................... 5

*Cunningham v. Advantix Dig., LLC*,
    2020 U.S. Dist. LEXIS 68569 (N.D. Tex. Apr. 20, 2020) ........................................ 16

*Espinoza v. San Benito Consol. Indep. Sch. Dist.*,
    753 Fed. App'x 216 (5th Cir. 2018) .................................................................. 14, 16

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*,
    894 F.3d 665 (5th Cir. 2018) ................................................................................... 4

*Georgen-Saad v. Tex. Mut. Ins. Co.*,
    195 F. Supp. 2d 853 (W.D. Tex. 2002) .................................................................. 17

*Gilb v. Univ. of Houston at Vict.*,
    2020 U.S. Dist. LEXIS 245097 (W.D. Tex. Dec. 30, 2020).................................... 6

*Gorman v. Verizon Wireless Tex., LLC*,
    753 F.3d 165 (5th Cir. 2014) ................................................................................. 19

*Hamilton v. DeJoy*,
    2024 U.S. Dist. LEXIS 126112 (W.D. Tex. July 16 2024).................................... 21

*Hawkins v. TRT Holdings, Inc.*,
    2021 U.S. Dist. LEXIS 7891 (N.D. Tex. Jan. 15, 2021) ........................................ 11

*Hernandez v. Taylor Farms Tex., Inc.*,
    2024 U.S. Dist. LEXIS 168099 (N.D. Tex. Sept. 18, 2024) .................................... 8

*Herpin v. Am. Leather Operations, LLC*,
    2025 U.S. Dist. LEXIS 60116 (N.D. Tex. Mar. 31, 2025) ....................................... 5

*Hinkley v. Envoy Air, Inc.*,
    968 F.3d 544 (5th Cir. 2020) ................................................................................. 25

*Jenkins v. City of Dallas*,
    2022 U.S. Dist. LEXIS 183906 (N.D. Tex. Oct. 6, 2022)......................................... 6

*Jones v. Flagship Intern.*,
    793 F.2d 714 (5th Cir. 1986) ................................................................................... 5

*King v. Life Sch.*,
    809 F. Supp. 2d 572 (N.D. Tex. Aug. 9, 2011) ....................................................... 6

*Lanier v. Wise Cnty.*,
    2024 U.S. Dist. LEXIS 190627 (N.D. Tex. Oct. 21, 2024).................................... 20

*Lindsley v. TRT Holdings, Inc.*,
    2018 U.S. Dist. LEXIS 114097 (N.D. Tex. July 10, 2018) .................................... 11

*Lone Star Fund V (US), LP v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ............................................................................... 4, 5

*Lopez v. AT&T Mobility Servs. LLC*,
    767 F. Supp. 3d 406 (W.D. Tex. 2025) ................................................................. 20

*Manley v. Lyondell Chem. Co.*,
    2020 U.S. Dist. LEXIS 99858 (S.D. Tex. May 10, 2020)...................................... 22

*Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004) ................................................................................. 23

*McDonald v. Vill. of Palatine*,
    524 Fed. App'x 286 (7th Cir. 2013) ...................................................................... 16

*O'Daniel v. Indus. Serv. Sols.*,
   922 F.3d 299 (5th Cir. 2019) ............................................................ 3
*Pacheco v. Rice*,
   966 F.2d 904 (5th Cir. 1992) ............................................................ 8
*Pena v. Houston Cmty. College*,
   2019 U.S. Dist. LEXIS 23260 (S.D. Tex. Feb. 13, 2019) ........................ 20
*Phillips v. Christus Santa Rosa Healthcare Corp.*,
   2017 U.S. Dist. LEXIS 218829 (W.D. Tex. Aug. 18, 2017) ..................... 20
*Prairie View A&M Univ. v. Chatha*,
   381 S.W.3d 500 (Tex. 2012) ....................................................... 8, 24
*Roberson v. Alltel Info. Servs.*,
   373 F.3d 647 (5th Cir. 2004) ............................................................ 5
*Robertson v. Alltel Info. Servs.*,
   373 F.3d 647 (5th Cir. 2004) ........................................................... 13
*Sacks v. Tex. Southern Univ.*,
   83 F.4th 340 (5th Cir. 2023) .................................................. 5, 18, 19
*San Antonio Water Sys. v. Nicholas*,
   461 S.W.3d 131 (Tex. 2015) ........................................................... 19
*Schindeler-Trachta v. Tex. HHS Comm'n*,
   2020 U.S. Dist. LEXIS 69242 (W.D. Tex. Feb. 26, 2020) ...................... 18
*Schweitzer v. Advanced Telemarketing Corp.*,
   104 F.3d 761 (5th Cir. 1997) .......................................................... 11
*Shackelford v. Deloitte & Touche, LLP*,
   190 F.3d 398 (5th Cir. 1999) ............................................................ 6
*Stafford v. New Dairy Tex., LLC*,
   2024 U.S. Dist. LEXIS 123789 (N.D. Tex. July 12, 0224) ..................... 15
*Taylor v. Tex. Southern Univ.*,
   2019 U.S. Dist. LEXIS 156622 (S.D. Tex. Sept. 13, 2019)................. 15, 16
*Thibodeaux-Woody v. Houston Cmty. College*,
   593 Fed. App'x 280 (5th Cir. 2014) .................................................... 5
*Thornton v. Univ. of Tex. Southwestern Med. Ctr.*,
   2024 U.S. Dist. LEXIS 95977 (N.D. Tex. May 29, 2024) ....................... 21
*Tow v. Bulmahn*,
   2016 U.S. Dist. LEXIS 57396 (E.D. La. 2016)**,** *aff'd sub nom.*, *In re ATP Oil & Gas*
   *Corp.*, 711 Fed. App'x 216 (5th Cir. 2017) ........................................... 9
*Trevino v. Celanese Corp.*,
   701 F.2d 397 (5th Cir. 1983) .......................................................... 12
*Tynes v. Nationwide Mut. Ins. Co.*,
   2018 U.S. Dist. LEXIS 248789 (W.D. Tex. May 9, 2018), *report and*
   *recommendation adopted*, 2019 U.S. Dist. LEXIS 248434 (W.D. Tex. Feb. 11,
   2019) ............................................................................... 23, 24
*Wang v. Prudential Ins. Co. of Am.*,
   439 Fed. App'x 359 (5th Cir. 2011) .................................................... 7

*Watson v. Graves,*
  909 F.2d 1549 (5th Cir. 1990) ........................................................ 12
*Watts v. Kroger Co.,*
  170 F.3d 505 (5th Cir. 1999) ......................................................... 20
*West v. Tex. Dep't of Pub. Safety,*
  2024 U.S. Dist. LEXIS 172401 (E.D. Tex. Aug. 2, 2024) ..................... 21
*Williams v. Henagan,*
  595 F.3d 610 (5th Cir. 2010) ......................................................... 12
*Woods v. Delta Air Lines, Inc.,*
  2025 U.S. Dist. LEXIS 62149 (N.D. Tex. Feb. 27, 2025) ..................... 7
*Wright v. Arlington Indep. Sch. Dist.,*
  834 Fed. App'x 897 (5th Cir. 2020) ................................................ 3

**Statutes**
29 C.F.R. § 1620.9 ....................................................................... 18
29 U.S.C. § 206 ........................................................................ 2, 4
29 U.S.C. § 215 ........................................................................ 2, 5
29 U.S.C. § 621 ........................................................................... 2
29 U.S.C. § 623 ................................................................ 2, 5, 11, 13
42 U.S.C. § 2000e .......................................................... 2, 5, 7, 11
Tex. Lab. Code § 21.051 ................................................................. 2
Tex. Lab. Code § 21.055 ................................................................. 2
Tex. Lab. Code § 21.125 ................................................................. 2
Tex. Lab. Code Ann. § 21.051 .................................................... 6, 11
Tex. Lab. Code Ann. § 21.202 ........................................................ 8

**Rules**
FRCP 12(b)(6) ................................................................... 1, 2, 6, 7
FRCP 8 ............................................................................ 2, 4, 10

## PRELIMINARY STATEMENT

Defendants TPN Holdings LLC ("TPN") and Omnicom Group Inc. ("OGI") (together, "Defendants") respectfully submit this Motion to Dismiss the Complaint[1] (the "Motion") filed on behalf of plaintiff Ellen Cook ("Cook"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendants ask the Court to dismiss the Complaint in its entirety or, in the alternative, to dismiss certain Counts of the Complaint for the reasons stated herein.[2]

The Court should dismiss the Complaint for three important reasons. First, Cook's impermissible group pleading deprives each Defendant of fair notice of the allegations against each individual Defendant. Second, Cook fails to adequately plead her federal claims because (i) Cook does not allege facts demonstrating that a sufficient comparator exists, and (ii) Cook's retaliation and discrimination claims are legally insupportable. Third, Cook failed to timely file her administrative charge regarding her state-law claims.

Cook is the former Chief Executive Officer ("CEO") of TPN. (Compl., ¶14). TPN is a wholly owned subsidiary of OGI. (Compl., ¶7). In her Complaint, Cook alleges that she was jointly employed by TPN and OGI for two decades, during which she "ascended through various leadership roles," culminating in her being named CEO of TPN and its predecessor, Integer, in October 2020. (Compl., ¶¶12-24). In April 2024, the CEO position at TPN was one of several CEO roles eliminated as part of a

---

[1] Dkt. 1 is Cook's Complaint, hereinafter referred to as "Compl."
[2] In addition to this Motion, Defendants rely on two exhibits included in the attached Appendix (the "App."), which are documents that Cook specifically relies on and references in her Complaint. (*See* Compl., ¶¶10-11, 26, 28, 68, 78, 89, 102).

corporate restructuring, and Cook's employment was terminated. (Compl., ¶32). She was offered a severance package, which she rejected. (Compl., ¶38). After severance negotiations failed, she filed an EEOC Charge, followed by the Complaint, asserting that she had been paid less than the CEOs of two other OGI companies, and that her employment was terminated because of her sex and age, and in retaliation for her asking to be paid in alignment with other male CEOs, to whom she refers as her "male counterparts." (Compl., ¶¶1-4, 17-42).[3]

As set forth in this Motion, the Complaint should be dismissed in its entirety because it is an impermissible group pleading. Throughout the Complaint, Cook improperly lumps TPN and its parent company, OGI, together and thus does not allege facts specific to each company. As a result, the Complaint fails to satisfy FRCP 8 and should be dismissed. Even if the Court determines that the Complaint satisfies the technical requirements of FRCP 8, the Complaint is not immune against a motion to dismiss pursuant to FRCP 12(b)(6), given its substantive inadequacies articulated herein. Accordingly, if the Court declines to dismiss the entire Complaint pursuant to FRCP 8, Defendants respectfully ask the Court to dismiss with prejudice all claims against OGI and Counts 4 – 9 against TPN pursuant to FRCP 12(b)(6).

## COOK'S FACTUAL ALLEGATIONS

Defendants accept the factual allegations in the Complaint as true for the

---

[3] Cook's EEOC Charge, *see* Compl., ¶10, is attached at App. 001-002. In her Complaint, Cook seeks relief for this alleged discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, 623, et seq. ("ADEA"), the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d), 215(a)(3) ("EPA"), and the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.051, 21.125(a), 21.055 ("TCHRA").

purposes of this Motion only. The Complaint expressly refers to three documents, which Defendants contend are a central part of her claims, *i.e.* the two emails on which she relies to support that she engaged in protected activity, a requisite element of her retaliation claims, and/or a document of which the Court may take judicial notice, *i.e.* Cook's EEOC Charge, and therefore made part of the Complaint. Thus, Defendants submit them in support of this Motion. The three documents are: (1) Cook's EEOC Charge, (*see* Compl. ¶¶10-11); (2) Cook's email that she sent on June 22, 2023, (*see id.*, ¶¶26, 68, 78, 89, 102); and (3) Cook's email that she sent on August 3, 2023, (*see id.*, ¶¶28, 68, 78, 89, 102).[4]

## APPLICABLE LEGAL STANDARDS

### I.    FRCP 12(b)(6)

To survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The ultimate question is whether "[a] claim has facial plausibility, [*i.e.*,] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Wright v. Arlington Indep. Sch. Dist.*, 834 Fed. App'x 897, 900 (5th Cir. 2020) (quoting

---

[4] (*See also* App. 001-004).

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018)). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## II.    <u>FRCP 8(a)</u>

Pursuant to FRCP 8(a), a pleading: "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FRCP 8(a). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it does require more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    <u>EQUAL PAY ACT</u>

To plead a <u>discrimination</u> claim under the EPA, 29 U.S.C. § 206(d), Cook "must allege '(1) that her employer is subject to the Act; (2) that she performed work in a position requiring equal skill, effort and responsibility under similar working conditions; and (3) that she was paid less than members of the opposite sex.'" *Herpin v. Am. Leather Operations, LLC*, 2025 U.S. Dist. LEXIS 60116, at *8 (N.D. Tex. Mar.

31, 2025) (quoting *Jones v. Flagship Intern.*, 793 F.2d 714, 722-23 (5th Cir. 1986)). To adequately plead equal work under the second prong at the motion-to-dismiss stage, Cook must allege facts demonstrating that she was paid less than a "similarly situated" male comparator and "that the skill, effort and responsibility required in performance of [both] the[ir] jobs is substantially equal." *See id.* at **8-9.

To plead a <u>retaliation</u> claim under the EPA, 29 U.S.C. § 215(a)(3), Cook must allege facts to support that "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Sacks v. Tex. Southern Univ.*, 83 F.4th 340, 348 (5th Cir. 2023). These elements are the same as those required for a Title VII retaliation claim and an ADEA retaliation claim. *See Thibodeaux-Woody v. Houston Cmty. College*, 593 Fed. App'x 280, 285 (5th Cir. 2014) (plaintiff must satisfy these three elements "[t]o establish a prima fac[i]e case of retaliation under either Title VII or the EPA"); *Culumber v. Morris Network of Miss., Inc.*, 2024 U.S. Dist. LEXIS 129536, at **16-17 (S.D. Miss. July 23, 2024) ("Retaliation claims under the ADEA, EPA, and Title VII are analyzed under the same framework").

## IV.    ADEA, TITLE VII, AND TCHRA

The ADEA forbids an "[e]mployer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *see also Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge . . . any individual . . . because of such individual's race . . . sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Likewise, the

TCHRA prohibits employer discrimination directed at "compensation or the terms, conditions, or privileges of employment" because of "race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code Ann. § 21.051(1); *see also Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) ("[T]he law governing claims under the TCHRA and Title VII is identical.").

For a <u>discrimination</u> claim under the ADEA, Title VII and TCHRA, Cook must allege facts to support that she: "(1) [is a member] of a protected group or class; (2) [was] qualified for [her position]; (3) suffered [an] adverse employment [action]; and (4) similarly situated individuals outside the protected class were treated more favorably." *Arias v. Amazon Fulfillment*, 2019 U.S. Dist. LEXIS 43817, at **14-15 (N.D. Tex. Feb. 19, 2019) (citation omitted); *Gilb v. Univ. of Houston at Vict.*, 2020 U.S. Dist. LEXIS 245097, at **9-10 (W.D. Tex. Dec. 30, 2020) (citation omitted). For a <u>retaliation</u> claim under the ADEA, Title VII, and TCHRA, Cook must allege facts to support that: (1) she participated in a protected activity; (2) her employer took an adverse employment action against her; and (3) there is a causal link between the protected activity and the adverse employment action. *Jenkins v. City of Dallas*, 2022 U.S. Dist. LEXIS 183906, at *26 (N.D. Tex. Oct. 6, 2022).

## V.    **JUDICIAL NOTICE**

In deciding a motion to dismiss pursuant to FRCP 12(b)(6), a court may take judicial notice of a plaintiff's filings in a related administrative hearing, including specifically an EEOC charge. *See King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. Aug. 9, 2011) ("Even though the EEOC charge is a matter outside the pleading,

judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested.").[5] In addition, a court may take judicial notice of emails or correspondence referenced in the complaint if they are central to the plaintiff's claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim") (citation omitted); *Armbrister v. McFarland,* 2018 U.S. Dist. LEXIS 194901, at *7 (N.D. Tex. Oct. 30, 2018) (although emails were "not attached to Cook's amended complaint, they may be considered part of the pleadings because they are attached to Defendants' motion to dismiss, referred to in the amended complaint, and central to Cook's claims").

## VI.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Before filing a civil action for discrimination or retaliation under the ADEA or Title VII, a plaintiff must exhaust their administrative remedies, which include filing a charge of discrimination with the EEOC, or equivalent state or local agency, within 300 days after an alleged violation occurred. *See Wang v. Prudential Ins. Co. of Am.*, 439 Fed. App'x 359, 365-67 (5th Cir. 2011); 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1). The TCHRA imposes a shorter deadline and requires a plaintiff to exhaust her administrative remedies by filing a complaint with the Texas Workforce Commission within 180 days after the alleged unlawful employment practice

---

[5] *See also Woods v. Delta Air Lines, Inc.*, 2025 U.S. Dist. LEXIS 62149, at *15 (N.D. Tex. Feb. 27, 2025) ("[E]ven if not referenced in the complaint and central to Cook's claims, the Court can take judicial notice of the EEOC charge as public record" when deciding a Rule 12(b)(6) motion).

occurred, before filing a civil action. *See Adams v. Daimlerchrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007); *Hernandez v. Taylor Farms Tex., Inc.*, 2024 U.S. Dist. LEXIS 168099, at **5-6 (N.D. Tex. Sept. 18, 2024); Tex. Lab. Code Ann. § 21.202(a).

Under the TCHRA, the 180-day limitations period begins when the employee is *informed* of the allegedly discriminatory employment decision, not when the *effects* of that decision (such as receipt of a final paycheck or actual termination) are felt, *see Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 502 (Tex. 2012), and not when she first perceives a discriminatory motive, *see Ajayi v. Walgreen Co.*, 562 F. App'x 243, 246 (5th Cir. 2014) (citing *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992)) ("[I]t is well established in this circuit that in age discrimination cases the limitations period begins to run when the plaintiff knows of the discriminatory *act*, not when he first perceives a discriminatory motive.").[6]

## **ARGUMENT**

### I. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS AN IMPROPER GROUP PLEADING**

The Complaint should be dismissed because it fails to allege facts to distinguish Cook's allegations of wrongdoing against TPN and OGI separately and therefore constitutes an impermissible group pleading. *See Childers v. Lifestyles Unlimited, Inc.*, 2023 U.S. Dist. LEXIS 101475, at *8 (N.D. Tex. June 12, 2023)

---

[6] *See also Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."); *Allison v. City of Fort Worth, Tex.*, 60 F. Supp.2d 589, 597 (N.D. Tex. 1999) ("Time starts running when a plaintiff knows of the act—here, denial of promotion—not when he perceives a discriminatory motive caused the act.").

(granting motion to dismiss, without prejudice, in part on the grounds that the complaint is a group pleading and federal pleading standards "entitle *each defendant* to know what he or she did that is asserted to be wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss."). While the Complaint initially alleges certain facts about TPN and OGI as separate companies,[7] the remainder of the Complaint refers to "Omnicom" or "Defendants" for both OGI and TPN collectively, as if these two companies are in fact a single entity, which the allegations in the Complaint themselves establish that indeed they are not.[8] As a result, neither TPN nor OGI has sufficient notice as to which specific allegations are alleged against which company, and the Complaint should be dismissed on this basis alone.[9]

Cook does not cure the Complaint's group pleading defects by including conclusory allegations in one paragraph of her 110-paragraph Complaint in which she contends that "Omnicom Group" exercises "substantial control" over TPN such that these "two entities functioned as a single, integrated enterprise," and thus are collectively liable for the alleged unlawful conduct. (*See* Compl., ¶7). At a minimum, Cook should be compelled to amend the Complaint to distinguish between the

---

[7] OGI is referred to as "Omnicom Group" and is alleged to be "a foreign for-profit corporation organized under the laws of the State of New York, . . . [that] conducts substantial business in the State of Texas, including through its extensive network of subsidiary advertising and marketing agencies operating within the state." (Compl., ¶6). As to TPN, the Complaint describes TPN as a foreign limited liability company and wholly owned subsidiary of "Omnicom Group," which "operates as part of Omnicom's integrated network of advertising and marketing agencies." (*Id.*, ¶7).

[8] The Complaint also uses the term "Company," which is not defined. (*See id.*, ¶¶31, 32).

[9] *See Childers,* 2023 U.S. Dist. LEXIS 101475, at *8 (citing *Tow v. Bulmahn,* 2016 U.S. Dist. LEXIS 57396, at *17 (E.D. La. 2016)**,** *aff'd sub nom.*, *In re ATP Oil & Gas Corp.*, 711 Fed. App'x 216 (5th Cir. 2017).

wrongdoing that she alleges against TPN versus OGI, as opposed to accusing them collectively of having a certain "culture" and perpetuating a "pattern" of discrimination and retaliation.[10] (*See id.*, ¶4). After all, as alleged in the Complaint, Cook was the CEO of TPN for approximately four years before her employment was terminated, and she was allegedly jointly employed by these two companies for two decades. (*See id.*, ¶¶13-14, 32). Consequently, her pleading should include sufficient factual content to give each Defendant fair notice—and thus an opportunity to defend themselves—of how a fact-finder might draw the reasonable inference that each defendant is liable for the misconduct alleged. Cook's labeling of "Defendants," a subsidiary-employer (TPN) and its parent company (OGI), does not suffice to provide fair notice of her allegations against *each* Defendant. *See Adr Int'l Ltd. v. Inst. For Supply Mgmt., Inc.*, 667 F. Supp. 3d 411, 420-21 (S.D. Tex. 2023) (dismissing without prejudice claims against defendant company ISM-Houston because plaintiff "fail[ed] to delineate the acts that ISM-Houston specifically committed distinguished from the acts that ISM committed as Rule 8 requires").

## II.    COOK'S TITLE VII, ADEA, EPA, AND TCHRA CLAIMS SHOULD BE DISMISSED AS TO OGI

Cook fails to plead that OGI is an employer, as defined under Title VII, the ADEA, the EPA, or the TCHRA—the statutes on which her discrimination and retaliation claims are predicated—and fails to plead sufficient facts to establish that

---

[10] The Complaint references other lawsuits filed in Connecticut and New York, (*see* ¶¶53-55), but does not include any factual content that would permit the Court to infer that these other lawsuits are relevant to Cook's claims. For example, the *Dunbar* lawsuit, (*see* ¶53), was filed against OGI and another OGI subsidiary in <u>2019</u>. Neither TPN nor OGI were defendants in the *Salibello* lawsuit, (*see* ¶54). The *Cassard* lawsuit, (*see* ¶55), refers to a CEO of another OGI subsidiary whom Cook does not allege was involved in any way with her termination or compensation decisions.

OGI, with TPN, jointly employed her.[11] Consequently, all of her claims against OGI should be dismissed.

There is no dispute that TPN was Cook's employer or that TPN is an "employer" as defined by the applicable statutes. However, Cook has failed to sufficiently plead that OGI is an "employer" as defined in Title VII, the ADEA, or the TCHRA, *e.g.,* nor does the Complaint even allege how many employees OGI has.[12]

Even assuming *arguendo* that OGI is an employer, the Complaint does not include sufficient allegations to establish that OGI is *her* employer . The Fifth Circuit applies the "hybrid economic realities/common law test" to determine whether a defendant employs the plaintiff under Title VII, the ADEA, the EPA, and the TCHRA, and the "single employer/integrated enterprise test" to determine if other defendants also employ the plaintiff under Title VII, the ADEA, and the TCHRA. *See Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763-64 (5th Cir. 1997); *Hawkins v. TRT Holdings, Inc.*, 2021 U.S. Dist. LEXIS 7891, at *4 (N.D. Tex. Jan. 15, 2021) (citations omitted); *Lindsley v. TRT Holdings, Inc.*, 2018 U.S. Dist. LEXIS 114097, at *5 (N.D. Tex. July 10, 2018).

As to the economic-realities test, courts in this Circuit consider whether an entity alleged to be an employer: "(1) possessed the power to hire and fire employees,

---

[11] Title VII, the ADEA and the TCHRA prohibit certain unlawful employment practices by "employers." 42 U.S.C. § 2000e-2(a); 29 U.S.C. § 623(a); Tex. Lab. Code Ann. § 21.051. Title VII and the TCHRA define an "employer" as "a person [who is] engaged in an industry affecting commerce [and] who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); Tex. Lab. Code Ann. § 21.002(8)(A). Under the ADEA, 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . .". 29 U.S.C. § 630(b).

[12] The answer is none. OGI has no employees.

(2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). When there may be more than one employer, courts "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990). Here, the Complaint does not allege facts that OGI was Plaintiff's employer under the economic-realities test.

As to the integrated-enterprise test, courts in this Circuit consider four factors to determine whether TPN and OGI are effectively Plaintiff's single employer: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The second factor is the most important. *Id*. There are no factual allegations in the Complaint as to any of the *Trevino* factors. Moreover, the Complaint acknowledges that OGI and TPN are headquartered at different addresses, operate in different states, and that OGI consists of a network of companies, of which TPN is only one.[13] Thus, Plaintiff has not plausibly alleged that TPN and OGI are her single employer for the purposes of the statutes under which she seeks relief.

Because Plaintiff fails to plead sufficient facts that OGI was her employer

---

[13] The Complaint also references several other current or former OGI divisions, subsidiaries and/or affiliates including TracyLocke and Integer Denver, (¶¶15, 20), Diversified Agency Services, (¶25), Omnicom Commerce Group and Haygarth, (¶¶34, 43, 44), Integer Dallas, (¶¶48-49), Omnicom Media Group Holdings Inc, (¶54), and OMD, (¶56), but there are no facts alleged to support that any of these companies is or was commonly managed by OGI with any of the others.

under either theory, her claims against OGI must be dismissed. *See Baker v. Aetna Life Ins. Co.*, 228 F. Supp. 3d 764, 770 (N.D. Tex. 2017) (dismissing Title VII discrimination claim against defendant Aetna because plaintiff "d[id] not attempt to allege that Aetna was her employer under either [the hybrid economic realities/common law control test or the single employer] test").

## III.   COOK'S ADEA RETALIATION CLAIM SHOULD BE DISMISSED

Count Four of the Complaint—Cook's claim for alleged retaliation under the ADEA—should be dismissed because, even assuming all factual allegations in the Complaint are true, and drawing all reasonable inferences in Cook's favor, she did not plead facts sufficient to state a claim for retaliation under the ADEA.[14]

In the Complaint, Cook states that she is 62 years old, and that Michael Lovegrove ("Lovegrove") is "younger." (Compl*., ¶¶*3, 37). She further alleges that Lovegrove, whose CEO role was also eliminated, was reassigned to a new role, Chief Experience Officer, and she was not offered a new role. (*Id.,* ¶35). The Complaint does not allege any comments or any conduct evincing any alleged age bias. Nor does the Complaint identify any younger employee whom Cook contends was similarly situated to her, but was treated better, other than Lovegrove. Nor does the Complaint allege that her CEO position was eliminated, and her employment was terminated, because she complained about age discrimination, *i.e.,* engaged in activity protected under the ADEA.

In fact, the factual allegations in the Complaint concerning protected activity,

---

[14] The ADEA forbids "an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *Robertson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

*see* ¶¶25-28, *do not refer to age*, *at all*. Nor does Cook allege that she complained to anyone about any age discrimination at any time *before* her position was being eliminated or before she was offered severance. Further, the timeline alleged in the Complaint cannot support a causal link between any age-related protected activity, even assuming that Cook engaged in any (which she did not), and any adverse employment action about which she complains. According to the Complaint, Cook learned that she was being paid less than Messrs. Lovegrove, who is described as "younger," and Mike Sweeney ("Sweeney"), whose age is not pled in the Complaint, in June 2023, and she raised her last pay disparity complaint in August 2023. (Compl., ¶¶17-28). In April 2024, her employment was terminated, and Lovegrove allegedly was reassigned to a new role, which is too long to support a causal link in the Fifth Circuit. *See Chhim v. City of Houston*, 2024 U.S. Dist. LEXIS 183438, at *11 (S.D. Tex. Oct. 8, 2024) (dismissing ADEA retaliation claim because the five-month gap between alleged protected activity and adverse employment action was "not close enough . . . to establish the causal connection element") (citation omitted). Accordingly, these factual allegations cannot support an ADEA retaliation claim.

## IV.    COOK'S EPA CLAIMS SHOULD BE DISMISSED

### A.    COOK'S EPA DISCRIMINATION CLAIM FAILS

Cook's pay discrimination claim under the EPA should be dismissed because she fails to allege sufficient facts that a "similarly situated" male comparator received higher compensation for "substantially equal" work. *See Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 753 Fed. App'x 216, 219-20 (5th Cir. 2018) (upholding dismissal of EPA discrimination claims where plaintiffs failed to "demonstrate[] that

14

they performed work in a position requiring equal skill, effort, and responsibility as [comparator]"); *Taylor v. Tex. Southern Univ.*, 2019 U.S. Dist. LEXIS 156622, at **5-6 (S.D. Tex. Sept. 13, 2019) (dismissing EPA discrimination claim because plaintiff failed to allege facts demonstrating that the "skill, effort and responsibility required for her performance are substantially equal to what is required of the similarly situated coworker") (citations omitted).[15]

First, Cook's allegations regarding her purported male comparators are fatally barebones. The Complaint identifies two men who allegedly received higher compensation than she did, (i) Sweeney, the CEO of an entity she refers to as "Integer Denver," whom she describes as her "predecessor," and (ii) Lovegrove, CEO of TracyLocke, which Cook describes as a "smaller and less successful" OGI agency. (*See* Compl. ¶¶15, 17-23, 84). However, beyond their CEO job titles, Cook primarily relies on conclusory allegations that she "perform[ed] the same work" because these men "held the same CEO title . . . and were responsible for running agency operations under Omnicom's umbrella." (*Id.*, ¶¶17, 21-22). EPA discrimination claims like this one are routinely dismissed because they are based solely on vague allegations that a purported comparator held the same job title or performed the same kind of work.[16]

---

[15] Cook's claims as to alleged pay disparity, whether asserted under the EPA, Title VII, the ADEA or the TCHRA, require a showing that a male employee (or younger employee) who had the same work responsibilities received better pay. *See Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 616-17 (5th Cir. 2020); *Boudreau v. Nokia of Am. Corp.*, 2020 U.S. Dist. LEXIS 238371, at **13-14 (N.D. Tex. Dec. 18, 2020); *Stafford v. New Dairy Tex., LLC*, 2024 U.S. Dist. LEXIS 123789, at **9-12 (N.D. Tex. July 12, 0224). Thus, for the same reasons that Cook fails to state a claim for discrimination under the EPA, her discrimination claims under Title VII, the ADEA and the TCHRA should be dismissed to the extent that these claims are based on any alleged pay disparity.

[16] *See Brooks v. W. Tex. Credit Union*, 2025 U.S. Dist. LEXIS 19674, at *22 (W.D. Tex. Jan. 31, 2025) (recommending dismissal of EPA discrimination claim because "the Fifth Circuit has held that sharing

Second, the few facts included in the Complaint pertaining to the roles that Messrs. Sweeney and Lovegrove once held actually demonstrate that neither of these men had the same job Cook had, at any time, and thus neither is a viable comparator. With respect to Sweeney, Cook alleges that he was paid more than she was until he left his role at "Integer Denver" in 2020, which was more than three years before she filed the Complaint. (Compl. ¶¶14-15, 18, 21). As a result, her EPA claims are untimely to the extent she is relying on Sweeney as a comparator.[17] Further, until 2020, Sweeney acted as CEO for Integer Denver, whereas Cook acted as President for Integer Dallas. (*Id.*, ¶¶13, 15, 21). After Sweeney left Integer Denver, Cook was promoted to CEO and was responsible for both Integer Denver and Integer Dallas (collectively, "Integer"). (*Id.*, ¶¶14-15). Thus, at no time did Cook and Sweeney ever have the same job.

Notably, Cook does not allege any facts comparing Integer Denver, Integer Dallas, or Integer as a whole, whether in terms of size, number of employees, client

---

the same job title is insufficient to meet one's burden in establishing equal work"); *Taylor*, 2019 U.S. Dist. LEXIS 156622, at **5-6 (granting motion to dismiss EPA discrimination claim that relied on "very general and generic allegations" that plaintiff and her comparator held the same title and performed similar "advisory tasks" because these allegations "provide[d] no basis to compare the skill, effort, and responsibility demanded by" their positions); *see also Espinoza*, 753 Fed. App'x at 219-20 (affirming dismissal of EPA discrimination claim where plaintiffs primarily asserted that comparator "had less experience and fewer credentials" because they failed to allege that she "performed equal work under equal conditions with equal skill"); *Boudreau*, 2020 U.S. Dist. LEXIS 238371, at **13-14 (granting motion to dismiss EPA discrimination claim because plaintiff's "very general allegations provide[d] no basis to compare the skill, effort, and responsibility demanded by her position and the positions of the [comparators]").

[17] *See McDonald v. Vill. of Palatine*, 524 Fed. App'x 286, 289 (7th Cir. 2013) (holding that plaintiff's comparisons to three other employees were "untimely" because "[t]he cause of action comparing her pay to theirs accrued when they left their respective [comparable] positions . . . which occurred more than three years before she filed suit"); *Cunningham v. Advantix Dig., LLC*, 2020 U.S. Dist. LEXIS 68569, at **41-43 (N.D. Tex. Apr. 20, 2020) (holding that plaintiff's EPA claim was time-barred "insofar as it relates to the pay differential between [plaintiff] and [comparator]" who was terminated more than two years before plaintiff filed the complaint).

16

rosters or the services they offered. Nor does she allege facts demonstrating that her circumstances as CEO of Integer Dallas or later as CEO of Integer were "substantially similar" to Sweeney's circumstances as CEO of Integer Denver during the preceding years. Instead, Cook makes a point of distinguishing the business over which Sweeney had oversight, *i.e.*, which was allegedly marked by the loss of a major client that resulted in a substantial deficit, from the business for which she was responsible. (*Id.*, ¶¶15-16). In other words, Cook cannot have it both ways. Her contention that she was doing more and had a bigger job than Sweeney for a different company rules him out as a viable comparator.[18]

Similarly, Cook's EPA discrimination claim cannot survive to the extent it relies on Lovegrove as a comparator because he is alleged to have been CEO of a different company, TracyLocke, which is described only as "smaller and less successful" than TPN, during an unspecified time period. (Compl., ¶20). In addition, although Cook alleges that she had more experience than Lovegrove in "experience strategy and design," she fails to allege facts to support that she performed equal work under conditions that were equal to the conditions under which Lovegrove gained his creative experience. (*Id.*, ¶36). Accordingly, Lovegrove is not a viable

---

[18] Although *Georgen-Saad v. Tex. Mut. Ins. Co.* is a summary judgment case, it is instructive here because the court explained that even though other Senior Vice Presidents held the same title as plaintiff, they were not adequate comparators because they were "in charge of different aspects of Defendant's operations" and "the practical realities of hiring and compensating high-level executives deal a fatal blow to Equal Pay Act claims" because these choices entail "complex renumeration decisions of businesses that necessarily involve a unique assessment of experience, training, ability, education, interpersonal skills, market forces, performance, tenure, etc." 195 F. Supp. 2d 853, 857 (W.D. Tex. 2002).

comparator for purposes of Cook's pay disparity claim.[19]

## B. COOK'S EPA RETALIATION CLAIM FAILS

Cook's EPA retaliation claim is also fatally flawed due to the lack of factual allegations in the Complaint to support the elements of her *prima facie* case. First, the factual allegations to support that Cook engaged in protected activity actually demonstrate that she did not engage in the requisite protected activity. "To be a protected activity [under the EPA], the employee's conduct must have opposed the employer's practice and the plaintiff must have reasonably believed the practice was unlawful." *Sacks*, 83 F.4th at 348. The Complaint describes Cook's purportedly protected activity in ¶¶25-28, 68, 78, 89 and 102. Cook states that she "explained" to Mr. Larson during a conversation that her compensation was significantly below her male peers and that this disparity was emblematic of broader gender-based inequities at Omnicom. (Compl., ¶25). She then alleges that she followed up on this conversation with two emails to Mr. Larson "detailing her "concerns" and "request[ing] a formal review of her pay" to align her compensation with her male peers.[20] (*Id.*, ¶¶26-28).

Based on the factual allegations in the Complaint, including the referenced

---

[19] *See Alexander v. Marriott Int'l, Inc.*, 2011 U.S. Dist. LEXIS 33329, at **12-14 (D. Md. Mar. 29, 2011) (dismissing EPA discrimination claims based on comparators "who worked in different divisions" of defendant company); *Schindeler-Trachta v. Tex. HHS Comm'n*, 2020 U.S. Dist. LEXIS 69242, at **15-17 (W.D. Tex. Feb. 26, 2020) (holding that employees who worked at a different hospital than plaintiff were not adequate comparators under EPA because they did not work at the same "establishment," which "'ordinarily' refers to 'a distinct physical place of business rather than to a an entire business or enterprise'") (quoting 29 C.F.R. § 1620.9(a)).

[20] In the other referenced paragraphs in the Complaint, Cook makes conclusory allegations, with no facts to support them. She alleges again that she "raised concerns" (*see* ¶68); "opposed and reported age-based discrimination internally" (*see* ¶78); "complained internally about pay disparities between herself and similarly situated male executives" (*see* ¶89); and "reported and opposed sex and age discrimination internally" (*see* ¶102).

emails, (*see* ¶¶26, 28), Cook never opposed or reported a practice that she reasonably believed was unlawful. Clearly, she was asking Mr. Larson for a raise, and she was also letting him know that she thought it was unfair that she was being paid less than certain male CEOs. (*Id.,* ¶¶25, 26, 28), However, she does not allege facts to support that she actually opposed unlawful, intentional discrimination based on gender. Nor does she allege that she explained or reported her pay disparity concerns to anyone other than Mr. Larson. Merely requesting a raise does not constitute protected activity for the purposes of an EPA retaliation claim.[21] *See Crain v. Judson Indep. Sch. Dist.*, 2018 U.S. Dist. LEXIS 183777, at **49-50 (W.D. Tex. Oct. 26, 2018) (holding that grievance "stat[ing] only that he believed he was paid less than others with less experience, did not allege a violation of law or assert potential illegality").

Next, the Complaint does not allege facts to support a causal link between any adverse employment action allegedly taken against Cook and the protected activity in which she allegedly engaged; her EPA retaliation claim should be dismissed.[22] Cook cannot rely on the fact that Defendants "den[ied] her further compensation adjustments" and "refus[ed] to correct the [pay] disparity," (Compl., ¶90), to satisfy the adverse employment action element of her *prima facie* case. Defendants not giving her a raise after she expressed her concerns about being underpaid is not the

---

[21] If the Court does not dismiss the TCHRA claims as untimely, *see infra* Section VI, Cook's retaliation claim under the TCHRA should be dismissed on the same grounds that her Title VII and ADEA retaliation claims should be dismissed. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 136-137 (Tex. 2015); *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014) ("The substantive law governing Title VII and TCHRA retaliation claims is identical.").

[22] *See Connor v. Office of the AG*, 2015 U.S. Dist. LEXIS 27174, at **10-11 (W.D. Tex. Mar. 5, 2015) (granting motion to dismiss EPA retaliation claim because plaintiff failed to allege an adverse employment action); *Sacks*, 83 F.4th at 348-49 (affirming dismissal of EPA retaliation claim because plaintiff failed to allege "a causal link" between the protected activity and adverse employment action).

same as Defendants taking a retaliatory adverse employment action against her for opposing unlawful activity.[23] By definition, an adverse employment action requires some form of affirmative action or change, not mere inaction. *See Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999) ("We have held, along with many of our sister circuits, that employment actions are not adverse where pay, benefits, and level of responsibility remain the same.").[24]

Third, Cook fails to plead a causal link between expressing concerns about her pay and allegedly continuing to be underpaid. According to the Complaint, the alleged pay disparity began in 2021, which means the adverse employment issue about which Cook complains predated her complaints to Mr. Larson in 2023 by over two years. (Compl., ¶¶14, 19, 24-28). This timing demonstrates that she cannot plead the requisite causal link between her alleged protected activity (complaining to Mr. Larson that she was underpaid) and the employment action about which she complains because the action predated her complaints about it.[25]

Cook also complains that her employment was terminated—clearly an adverse

---

[23] Incidentally, as alleged in the Complaint, Mr. Larson did in fact take action in response to Cook expressing pay concerns, however, it was not adverse: according to Cook, he awarded her Restricted Stock Units. (Compl., ¶27).

[24] *See also Lanier v. Wise Cnty.*, 2024 U.S. Dist. LEXIS 190627, at **10-11 (N.D. Tex. Oct. 21, 2024) (granting motion to dismiss Title VII retaliation claim because "Defendants at worst kept the status quo," which does not amount to an adverse employment action); *Phillips v. Christus Santa Rosa Healthcare Corp.*, 2017 U.S. Dist. LEXIS 218829, at **16-17 (W.D. Tex. Aug. 18, 2017) ("A supervisor's decision to continue the status quo, as opposed to negatively altering employment conditions, is not a materially adverse action . . .").

[25] *See Pena v. Houston Cmty. College*, 2019 U.S. Dist. LEXIS 23260, at **11-12 (S.D. Tex. Feb. 13, 2019) (dismissing Title VII retaliation claim because "[c]ourts find no causal link between the protected activity and adverse employment action when the adverse employment action predates the protected activity"); *Lopez v. AT&T Mobility Servs. LLC*, 767 F. Supp. 3d 406, 433 (W.D. Tex. 2025) ("[T]he Court considers only adverse actions occurring after [plaintiff's] protected activity because, by definition, no causal link can exist between protected activity and events that predate it.").

employment action—as a result of her expressing her concerns about her pay to Mr. Larson. (*See* Compl., ¶¶24-32, 89-90). However, Cook learned that her position would be eliminated on April 9, 2024, over eight months after she last communicated with Mr. Larson about her pay, which was August 3, 2023. (*See id.*, ¶¶28, 32). Courts within the Fifth Circuit routinely dismiss retaliation claims when there is a five-month gap or more between the protected activity and the adverse employment action.[26] Accordingly, Cook did not plead a causal link between her alleged protected activity and the termination of her employment, and thus her EPA retaliation claim must be dismissed.

## V.      COOK'S DISCRIMINATION CLAIMS SHOULD BE DISMISSED TO THE EXTENT THESE CLAIMS ARE BASED ON ANY ADVERSE ACTION OR ALLEGED TREATMENT OTHER THAN THE TERMINATION OF HER EMPLOYMENT

Although Cook is not required to submit evidence to establish a *prima facie* case of alleged discrimination at this stage of the case, she is required to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make her claim plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F. 3d 467, 470-71 (5th Cir. 2016) (affirming dismissal of Title VII discrimination claim because plaintiff "fail[ed]

---

[26] *See Chhim*, 2024 U.S. Dist. LEXIS 183438, at *11 (granting motion to dismiss retaliation claim because there was a "five-month lapse" between plaintiff's complaint and the alleged adverse action); *Thornton v. Univ. of Tex. Southwestern Med. Ctr.*, 2024 U.S. Dist. LEXIS 95977, at *8 (N.D. Tex. May 29, 2024) (granting motion to dismiss retaliation claim because "[t]he Fifth Circuit has repeatedly held that to establish causality, the protected activity and the adverse action must have 'very close' temporal proximity, and a five-month lapse is not close enough"); *West v. Tex. Dep't of Pub. Safety*, 2024 U.S. Dist. LEXIS 172401, at *17 (E.D. Tex. Aug. 2, 2024) (holding that adverse employment action that "occurred nearly ten months after" the protected activity was "too remote in time to permit a reasonable inference of causation"); *Hamilton v. DeJoy*, 2024 U.S. Dist. LEXIS 126112, at **14-15 (W.D. Tex. July 16 2024) (granting motion to dismiss retaliation claim because the adverse employment action occurred twelve months after the protected activity, which was "too remote to infer a causal link").

to plead sufficient facts" as to certain elements). Cook pled, upon information and belief, that "other male executives" terminated from senior positions were "reassigned to new roles, offered ongoing compensation, and allowed to retain their benefits." (Compl., ¶40). She further alleges that she was the only CEO "removed without a comparable landing position," and "[s]he was denied the opportunity to be considered for internal roles." (*Id.*, ¶41).

However, the Complaint provides no information concerning what positions she is referring to; what qualifications any other open roles required; or the ages of any of the unidentified "other male executives" whom she alleges were treated more favorably than she was in terms of compensation or being offered internal roles. *See, e.g., Manley v. Lyondell Chem. Co.*, 2020 U.S. Dist. LEXIS 99858, at *12 (S.D. Tex. May 10, 2020) (dismissing Title VII discrimination claim because plaintiff "fail[ed] to identify whom Defendants hired in his stead . . . or to even identify one person [outside of the protected class] whom they treated more favorably"). Instead, Cook simply relies on the fact that because she held a CEO title at one company (TPN), she was also qualified for other jobs, including CEO positions, at separate employers, and for which she provides no factual information, including whether or not any such positions were even open. Further, as more fully set forth above, *supra* Section IV.A, Cook's discrimination claims under Title VII, ADEA and the TCHRA also fail to the extent that such claims are based on her pay because she did not allege facts sufficient to show any similarly situated male and/or younger employees were paid more than she was paid. Based on the scant factual content in the Complaint as to the alleged

roles that she was passed over for, Cook's discrimination claim should be dismissed for failure to allege any adverse employment action aside from her termination. Similarly, Cook fails to plead discrimination claim based on disparate treatment because she does not allege sufficient facts indicating that a similarly situated male or younger employee was paid more than she was.

## VI.  COOK'S TCHRA CLAIMS SHOULD BE DISMISSED BECAUSE THESE CLAIMS ARE TIME-BARRED

Cook did not file an administrative charge within 180 days after she learned that she was being paid less than the male employees with whom she compares herself, nor within 180 days after she learned that her position would be eliminated. Accordingly, in addition to the reasons already stated herein, her TCHRA claims (the Seventh, Eighth, and Ninth Counts in the Complaint) must also be dismissed because, as demonstrated by her own Complaint, she failed to timely exhaust her administrative remedies on these claims. *See Tynes v. Nationwide Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 248789, at **4-5 (W.D. Tex. May 9, 2018), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 248434 (W.D. Tex. Feb. 11, 2019) (citing *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004)); *Adams*, 252 F. App'x at 683 (dismissing TCHRA claims because EEOC charge was filed more than 180 days after alleged discrimination); Tex. Labor Code Ann. § 21.202(a).

According to the Complaint, Cook was informed that her position was being eliminated on April 9, 2024. (Compl., ¶32). Thus, the 180-day clock for her to file an administrative charge to support her TCHRA claims started on the date that she was

notified of the adverse employment action (April 9, 2024), not the date her employment ended. *See Prairie View A&M Univ.*, 381 S.W.3d at 509-10. She filed her EEOC charge of discrimination with the EEOC on October 8, 2024, (*see* Compl., ¶10; App. 001), which is <u>182</u> days after she was informed of the employment decision. Consequently, her TCHRA claims predicated on her termination are barred as she failed to timely exhaust her administrative remedies.

Cook's TCHRA claims predicated on her allegations of pay disparity are also barred due to her failure to exhaust her administrative remedies. She discovered the alleged pay disparity in mid-June 2023, (Compl., ¶24), and followed up in writing with Mr. Larson on June 22, 2023, "detailing her concerns and explicitly identifying herself as a female leader facing unequal pay," and again on August 3, 2023 and "requested a formal review of her pay." (Compl. ¶¶26, 28; App. 003-004). The Texas Supreme Court has specifically rejected the "paycheck accrual rule" for TCHRA claims, which means that the limitations period does not restart with each paycheck. *Prairie View A&M Univ.*, 381 S.W.3d at 509-10. Thus, Cook cannot state a claim under the TCHRA based on any alleged discrimination or retaliation that she was aware before January 19, 2024.

Because Cook's deadline to timely file a charge of discrimination or retaliation has long passed, she cannot cure the fatal defects in her TCHRA claims and thus the Court should dismiss these claims with prejudice. *See Tynes*, 2018 U.S. Dist. LEXIS 248789, at *5 (citing *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) for the finding that "dismissal with prejudice warranted when administrative relief is time-barred

or otherwise precluded"). Compliance with the TCHRA's 180-day deadline is, in fact, mandatory. *See Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020).

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that the Court (i) dismiss the Complaint in its entirety without prejudice for failure to state a claim under FRCP 8, or (ii) in the alternative, dismiss with prejudice (a) all claims against OGI and (b) Counts 4 through 9 against TPN.

Dated: July 21, 2025

Respectfully submitted,

*/s/ Brian P. Shaw*
**Brian P. Shaw**
 Texas State Bar No. 24053473
 bshaw@ccsb.com
**Shelby K. Taylor**
 Texas State Bar No. 24110432
 staylor@ccsb.com
CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 580-2641

***Attorneys for Defendants Omnicom Group Inc. and TPN Holdings, LLC***

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on July 21, 2025, a copy of the foregoing Motion to Dismiss Plaintiff's Complaint and Brief in Support was filed electronically. Notice of this filing will be sent by email to counsel for Plaintiff by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brian P. Shaw*
Brian P. Shaw