**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ELLEN COOK, | |
| *Plaintiff,* | Case No. 3:25-cv-01245 |
| -against- | |
| OMNICOM GROUP INC. and TPN HOLDINGS LLC, | |
| *Defendants.* | |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF**
**THEIR MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Defendants TPN Holdings LLC ("TPN") and Omnicom Group Inc. ("OGI") (together, "Defendants") respectfully submit this Reply Brief in further support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) (the "Motion").

In response to the Motion, Plaintiff withdrew Counts Four, Seven, Eight and Nine.[1] (Pl. Opp., at 8). Consequently, the remaining relief Defendants request from the Court is:

1. denial of Plaintiff's request to amend the Complaint, and dismissal of the Complaint in its entirety, pursuant to FRCP 8; or, in the alternative,

2. dismissal of Plaintiff's EPA claims against Defendants for failure to allege sufficient facts concerning a viable comparator, "protected activity," or a causal link;

3. dismissal of Title VII retaliation claim against Defendants for failure to allege sufficient facts concerning "protected activity" or a causal link;

4. dismissal of Title VII and ADEA claims against OGI for failure to allege sufficient facts demonstrating that OGI may be held liable under a "single employer" theory; and

5. dismissal of Title VII and ADEA discrimination claims against TPN, to the extent that these claims are predicated on alleged pay inequity or alleged failure to hire her for other roles because there are insufficient facts alleged to permit an inference that Plaintiff suffered disparate treatment due to gender or age.

FRCP 12 serves an important gatekeeping function that requires a plaintiff—in order to proceed with expensive and time-consuming federal court litigation—to allege sufficient facts to proceed. Plaintiff here did not do so.

---

[1] Defendants incorporate by reference the defined terms in Dkt. 9.  In addition, citations to Plaintiff's Opposition, Dkt. 17, are cited as "Pl. Opp.", and citations to Defendants' Motion, Dkt. 9, are cited as "Mot."

## ARGUMENT

First, Plaintiff's request to amend the Complaint should be denied because it is insufficient.[2]  It does not "apprise the district court of the facts that [Plaintiff] would plead in an amended complaint" and does not "attach a copy of the proposed amended pleading as an exhibit" as required by Northern District of Texas Local Rule 15.1(a).  *See Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) ("[A] bare bones motion to amend remains futile when it fail[s] to apprise the district court of the facts that [plaintiff] would plead in an amended complaint.") (citations omitted); *Daniel v. Inclusive*, 2025 U.S. Dist. LEXIS 160096, at **3-4 (N.D. Tex. Aug. 18, 2025) (denying "bare request [to amend complaint] in an opposition to a motion to dismiss" because this "does not constitute a motion [to amend] within the contemplation of Rule 15(a)" and does not comply with Northern District of Texas Local Rule 15.1(a)) (citations omitted); *see also Scott v. United States Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (affirming denial of leave to amend complaint where plaintiff "failed to offer any grounds as to why his leave should be granted or how deficiencies in his complaint could be corrected"); *Crenshaw v. Anderson*, 2025 U.S. Dist. LEXIS 41531, at *47 (N.D. Tex. Feb. 13, 2025), *recommendation adopted*, 2025 U.S. Dist. LEXIS 40287 (N.D. Tex. Mar. 6, 2025) ("If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave" to amend).

Courts in the Fifth Circuit have routinely denied similar conclusory requests to amend embedded in oppositions to FRCP 12(b) motions.  *See Daniel*, 2025 U.S. Dist. LEXIS 160096, at *4 (holding that plaintiff did not identify with particularity any additional material facts that would

---

[2] Plaintiff's request to amend the Complaint is also untimely.  Plaintiff chose to allow the Court's August 25, 2025 deadline to amend the pleadings to expire, rather than respond to the Motion by amending the Complaint as of right pursuant to FRCP 15(a)(1).  Plaintiff had an additional 14 days to file an Amended Complaint as of right because the Court granted her request for an extension of time to respond to the Motion, (Dkt. 14), which in turn extended the original August 11th deadline to file any amendments to the pleadings.

overcome the complaint's deficiencies in his FRCP 12(b) opposition, meaning "[further] attempts at amendment would be futile"); *Regalo Int'l LLC v. Aborder Prods*., 2025 U.S. Dist. LEXIS 167658, at **24-27 (N.D. Tex. Aug. 28, 2025) (denying plaintiff's "embedded motion for leave to amend" because he demonstrated that he "pleaded  his best case" by failing to request to amend after being apprised "of insufficiencies in the complaint," meaning "amendment would be futile") (citations omitted); *Baeza v. Heribran Servs. LLC*, 2025 U.S. Dist. LEXIS 41648, at **20-21 (W.D. Tex. Mar. 7, 2025) (denying embedded request to amend in Rule 12(b) opposition as futile because plaintiff "ma[de] only a cursory mention of his request to amend, d[id] not state the substance of his proposed amendment, nor d[id] he attach an amended complaint for the Court"); *Hernandez v. Dallas Cnty. Sheriff*, 2024 U.S. Dist. LEXIS 166115, at **34-36 (N.D. Tex. Sept. 16, 2024) (holding plaintiff "has pleaded his best case" and denying leave to amend as futile because plaintiff "did not expressly request with particularity the opportunity to amend his complaint").

As with these cases, here Plaintiff essentially concedes she already pleaded her best case, and that further amendment would be futile, by failing to properly move to amend after receiving notice of the deficiencies in her Complaint via Defendants' Motion.  As a result, Defendants respectfully request that the Court deny Plaintiff's conclusory request to amend, which is tacked on to the last page of her Opposition as an afterthought.  (*See* Pl. Opp., at 21).

<u>Second</u>, the Court should dismiss the Complaint in its entirety because it is a "group pleading," which Plaintiff does not deny in her Opposition.  Rather, Plaintiff argues only that, in the Fifth Circuit, group pleadings are not *per se* improper.  (*See* Pl. Opp., at 8).  However, Defendants did not make any *per se* argument.  Defendants simply asserted that the Complaint

runs afoul of FRCP 8 because it does not distinguish the wrongdoing that OGI allegedly engaged in, from the wrongdoing that her employer, TPN, allegedly engaged in.[3]

To allow the Complaint to survive as a group pleading gives Plaintiff cover to sidestep the consequences of making unwarranted factual allegations against OGI under FRCP 11. If Plaintiff is alleging that OGI engaged in specific acts of allegedly unlawful discrimination and retaliation, she should be subject to scrutiny under FRCP 11 and in turn OGI should be afforded its protections. Further, the purposeful ambiguity in the Complaint as to whether Plaintiff is in fact alleging that OGI affirmatively engaged in **specific acts** of wrongdoing, as opposed to alleging that OGI may be held liable under a "single employer" theory due to its corporate relationship with TPN, empowers Plaintiff to go on a fishing expedition in discovery.[4] As a result, Defendants ask this Court to find that the Complaint constitutes an impermissible group pleading because it fails to offer any facts to distinguish Plaintiff's allegations against TPN versus OGI.

<u>Third</u>, this Court should disregard the new and completely unsupported allegations in Plaintiff's Opposition that are outside the pleadings; not supported by declaration or affidavit; and of which Plaintiff fails to ask the Court to judicial notice. These new allegations are improperly included in an attempt to cure the fatal deficiencies in the Complaint that cause dismissal of the

---

[3] In paragraph 7 of the Complaint, Plaintiff alleges that "Defendants Omnicom Group and TPN jointly employed Plaintiff and are collectively liable for the unlawful conduct alleged herein." (*See* Compl., ¶ 7). However, in her Opposition, Plaintiff states that "[i]nitially, Plaintiff does not proceed under a 'joint employer' theory with respect to her claims against OGI; she relies solely on a 'single employer' theory." (Pl. Opp., at 10). Thus, it seems that Plaintiff is also unclear about what exactly she is accusing OGI of.

[4] For example, there are repeated conclusory references in the Complaint to an alleged "pattern" of purported discrimination against older women, which is not supported by actual factual allegations, but rather is trumped up merely by referencing past litigations that may or may not have involved OGI and other subsidiaries (not TPN). (*See* Compl., ¶¶ 4, 56-59). By alleging a purported "pattern," Plaintiff has tipped her hand as to her strategy of improperly lumping TPN and OGI together in order to later argue that she is entitled to discovery relating to other lawsuits against OGI and/or its other subsidiaries. If, on the other hand, she is not alleging that OGI engaged in wrongdoing, but may nonetheless be held liable for TPN's wrongdoing under the *Trevino* factors, discovery about what OGI did in other cases is especially irrelevant to her claims.

Complaint under FRCP 8 and 12(b)(6) to be warranted. *See Estes v. JP Morgan Chase Bank, N.A.*, 613 Fed. App'x 277, 280 (5th Cir. 2015) (upholding district court's decision declining to consider "new factual allegations [and] materials" submitted for the first time with plaintiff's opposition to defendant's motion to dismiss because "when deciding a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings") (citations omitted); *Kraemer v. Rcloft, LLC*, 2022 U.S. Dist. LEXIS 227498, at *8 (S.D. Tex. Dec. 19, 2022) (declining to "consider allegations that appear for the first time in [plaintiff's] opposition briefing" in connection with motion to dismiss); *Edgar v. Anadarko Petroleum Corp.*, 2019 U.S. Dist. LEXIS 39977, at *30 (S.D. Tex. Mar. 13, 2019) ("Factual allegations first asserted in a response to a motion to dismiss are not appropriately reviewed in a Rule 12(b)(6) motion."); *Langston v. San Jacinto Junior College*, 25 F. Supp. 3d 1009, 1016 (S.D. Tex. 2014) ("It is not enough for Plaintiff to clarify the nature of his allegations in his [motion to dismiss opposition] briefs; 'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting *Roebuck v. Dothan Sec., Inc.*, 414 Fed. App'x 275, 280 (5th Cir. 2013)).

Most egregiously, in the Motion Defendants articulate the fatal defect as to the alleged causal link which fails to support Plaintiff's retaliation claims under the EPA and Title VII. *See* Mot., at 18-21. Namely, the length of time between Plaintiff's alleged protected activity, and the adverse employment action about which she complains, is eight months, which is too long under Fifth Circuit precedent.[5] In her Opposition, Plaintiff alleges, *for the first time*, that she "continued to raise her concerns to Larson verbally" through December 2023, and made an additional report in early 2024. (Pl. Opp., at 18-19). Plaintiff includes these new allegations to shorten the time

---

[5] *See, e.g., Thornton v. Univ. of Tex. Sw. Med. Ctr.*, 2024 U.S. Dist. LEXIS 95977, at *8 (N.D. Tex. May 29, 2024) (granting motion to dismiss Title VII retaliation claim because "[t]he Fifth Circuit has repeatedly held that to establish causality, the protected activity and the adverse action must have 'very close' temporal proximity, and a five-month lapse is not close enough") (citations omitted).

between her reporting her "concerns" about her compensation, and the termination of her employment.  However, the Complaint does not plead any complaints, of any kind to anyone, after August 2023.[6]

In addition to not including these new and unsupported factual allegations in a filed Amended Complaint, Plaintiff does not support them with a declaration or affidavit, which is even more reason why they should carry little (if any) weight in the Court's decision on the Motion. *See Hughes v. Meredith*, 2005 U.S. Dist. LEXIS 34764, at *7 (N.D. Tex. May 24, 2005) (explaining that at the motion to dismiss stage, "the Court must accept all well plead facts as true, while disregarding facts not alleged and unsupported conclusions and allegations"); *Rhodes v. United States Office of Special Counsel*, 2008 U.S. Dist. LEXIS 121646, at *19 (N.D. Tex. Oct. 6, 2008), *recommendation adopted*, 2008 U.S. Dist. LEXIS 88975 (N.D. Tex. Oct. 30, 2008) (granting defendant's summary judgment motion in part because plaintiff "provided no affidavit or unsworn declaration" to support her breach of contract claim and "may not rely on her unsworn allegations").

Nor does Plaintiff request the Court to take judicial notice of any of the unsupported factual allegations in the written material, *e.g.,* Adweek article, OGI website, SEC filings, LinkedIn profile, that she cites in her Opposition, but does not provide to the Court, which further supports the Court declining to consider these materials to defeat the Motion.  *See Sevilla v. Fannie Mae*, 2017 U.S. Dist. LEXIS 24361, at *2 n.2 (N.D. Tex. Feb. 22, 2017) (declining to consider materials in connection with FRCP 12(c) briefing where moving party failed to "ask the Court to take judicial

---

[6] Plaintiff's Opposition includes many other factual allegations that are not in the Complaint including: (i) Diversified Agency Services being a division of OGI, (*see* Pl. Opp., at 11), (ii) Larson "acting on behalf of OGI", (*id*.), (iii) the reporting structure and other factual allegations in footnote 4, (*id*., at 12 n.4), and (iv) allegations about a new male comparator, (*id.,* at 20 n.12).

notice" of them); *Wilson v. Deutsche Bank Trust Co. Ams.*, 2019 U.S. Dist. LEXIS 193413, at *7 n.4 (N.D. Tex. Nov. 7, 2019) (declining to consider materials where moving party "cite[d] no authority to support judicial notice" of materials).

Fourth, Plaintiff's Opposition does not overcome that she does not allege sufficient facts in her Complaint to support that she "opposed" a practice that was unlawful, so as to rise to the level of "protected activity" under the EPA or Title VII. Complaining about unfair treatment generally is not a protected activity. *See Sacks v. Tex. S. Univ.*, 83 F.4th 340, 348 (5th Cir. 2023); *see also Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) ("'Protected activity' [under Title VII] is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."). As alleged in the Complaint, Plaintiff requested a review of her compensation. She did not report that she was being underpaid because of her gender.[7]

Fifth, Plaintiff's Opposition does not cure the Complaint's failure to include factual allegations demonstrating a viable comparator to support her EPA claims. *See Herpin v. Am. Leather Operations, LLC,* 2025 U.S. Dist. LEXIS 60116, at **8-9 (N.D. Tex. Mar. 31, 2025) (dismissing EPA and Title VII claims on 12(b)(6) motion) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 723 (5th Cir. 1986) ("The Act [EPA] necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated.") In her Opposition, Plaintiff relies on *Pearce v. Wichita Cnty., City of Wichita Falls, Tex., Hosp. Bd.*, 590 F.2d 128,

---

[7] Plaintiff cites to *Brown v. UPS*, 406 Fed. App'x 837, 840 (5th Cir. 2010) for the proposition that she need not invoke "magic words" when raising her concerns. (*See* Pl. Opp. at 17). However, the reasoning in *Brown*, actually supports Defendants' position that her vague reference in an email to being a "female leader" was insufficient to put Defendants on notice that she believed she was unlawfully being discriminated against because of her gender. *See Brown*, 406 Fed. App'x at 840 (dismissing Title VII retaliation claim because even though plaintiff raised complaints and submitted a grievance stating that he "do[es] feel discriminated upon by [defendant]," the statement did not refer to discrimination based on his race).

133 (5th Cir. 1979) and *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1048 (5th Cir. 1973), to argue erroneously that Sweeney and Lovegrove are viable comparators. (Pl. Opp., at 15-16). In each of these cases, though, plaintiffs and their corresponding comparators held the exact same role in succession. In *Pearce*, the comparator took over plaintiff's role "as Credit Manager" at the same hospital immediately after plaintiff was discharged from the same role. *See Pearce*, 590 F.2d at 130. In *Hodgson*, the plaintiff took over comparator's role as "supervisor" of the "data processing department" at a specific company division immediately after the comparator was terminated. *See Hodgson*, 475 F.2d at 1048.

Here by contrast, Plaintiff did not assume the exact same job as Sweeney; as alleged in the Complaint, she was responsible for Integer Denver and Integer Dallas when she was promoted in October 2020, whereas Sweeney was responsible for Integer Denver. (*See* Compl., ¶¶ 14-16, 47-48) (describing losses at "Integer Denver" under the leadership of Sweeney from 2017 through 2020, and comparing these losses to growth at "Integer Dallas" under the leadership of Plaintiff at the same time and afterwards). Plaintiff now alleges that Sweeney was the "CEO of Integer as a whole," not "CEO for Integer Denver." (Pl. Opp., at 15). The Court should disregard this assertion not only because it contradicts the Complaint, which emphasizes that Integer Denver and Integer Dallas were distinct between 2017 and 2020 and separately led by Sweeney and Plaintiff, respectively, (*see* Compl., ¶¶ 47-48), but also because Plaintiff raises it for the first time in her Opposition, (*see supra*, at 4-5). And Lovegrove was CEO of a different company. (*See Compl.*, ¶ 20).

Sixth, to the extent Plaintiff's Title VII and ADEA discrimination claims are predicated on allegations of unequal pay, the Court cannot infer, based on the facts alleged in the Complaint, that simply because she was once a CEO, that she should be paid the same, or receive the same raise,

8

as several men who were CEOs of different companies at different times. *See Herpin*, 2025 U.S. Dist. LEXIS 60116, at **9-10  (in finding that plaintiff failed to allege a claim under the EPA or Title VII, the court reasoned that "[t]he intangibles involved in salary determinations make it impossible for the Court to infer that [plaintiff] is entitled to one-third of the [comparator's] salary because she assumed one-third of his work. While it might make a persuasive case for a raise, it does not make out a legal claim for wage discrimination.").  There are insufficient facts alleged in the Complaint for this Court to infer that Plaintiff was subjected to disparate treatment based on her age or gender simply because CEOs of different companies, facing different working conditions, were paid more.[8]

Plaintiff is essentially griping, years after the fact, that this Court should act as a "super personnel department" and decide that her contributions—to what she describes as the financial success of TPN—warranted her receiving a raise.  *See Eugene v. Rumsfeld*, 168 F. Supp. 2d 655, 678 (S.D. Tex. 2001).  Yet even as alleged in the Complaint, Plaintiff asked for a review of her compensation and it apparently was reviewed—she received restricted stock thereafter.  (*See* Compl. ¶ 27).

Nor does the Complaint include sufficient facts to support a claim that Plaintiff was denied other positions for which she was qualified.  There are no facts alleging (i) that she applied for any other open roles; (ii) what qualifications any other open roles required; (iii) whether she possessed such qualifications, or (iv) that the individuals who were the decision-makers as to who would be hired for these positions were the same people who decided to eliminate her role.  Thus, to the

---

[8]   The Complaint describes precisely how different their working conditions were. For example, the Complaint describes Sweeney's tenure as CEO as being in the "wake of steep financial decline and an agency in crisis," and the Denver office that he was in charge of "experienced four consecutive years of revenue decline." (*See* Compl., ¶¶ 1, 15).  While during Plaintiff's tenure, she oversaw a successful merger faced with "significant operational challenges." (*Id*.).  These allegations demonstrate that Plaintiff was not working under the same working conditions that Sweeney was.

extent Plaintiff argues that she was subjected to disparate treatment because she was not offered another position after her CEO roles was eliminated, the Complaint does not allege sufficient facts to allow the Court to infer either TPN or OGI may be held liable for not offering Plaintiff a position that she does not even allege that she applied for.

## <u>CONCLUSION</u>

For the reasons set forth in this Reply Brief, and in their moving papers, Defendants respectfully request that the Court: (1) deny Plaintiff's request to amend the Complaint and dismiss the Complaint in its entirety, pursuant to FRCP 8; or, in the alternative, or, in the alternative, (2) dismiss Plaintiff's EPA claims; (3) dismiss Plaintiff's Title VII retaliation claims; (4) dismiss Plaintiff's Title VII and ADEA claims against OGI; and (5) dismiss Plaintiff's Title VII and ADEA claims against TPN, to the extent that these claims are predicated on alleged pay inequity or alleged failure to hire for other roles.

Respectfully submitted,

*/s/ Shelby K. Taylor*_____
**Brian P. Shaw**
   Texas State Bar No. 24053473
   bshaw@ccsb.com
**Shelby K. Taylor**
   Texas State Bar No. 24110432
   staylor@ccsb.com
CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 580-26411

Maureen McLoughlin, admitted *pro hac vice*
mmcloughlin@dglaw.com
Charlotte McCary, admitted *pro hac vice*
cmccary@dglaw.com
DAVIS+GILBERT LLP
1675 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendants TPN Holdings LLC*
*and Omnicom Group Inc.*

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing Defendants' Reply in Further Support of Their Motion to Dismiss was filed electronically on September 24, 2025. Notice of this filing will be sent by email to counsel for Plaintiff by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shelby K. Taylor*_____
Shelby K. Taylor