UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELLEN COOK § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:25-CV-1245-X |
| § | |
| OMNICOM GROUP INC, TPN § | |
| HOLDINGS LLC § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Omnicom Group Inc. and TPN Holdings LLC's Motion to Dismiss. (Doc. 9). The Court **GRANTS** the motion as to Plaintiff Ellen Cook's Title VII and Equal Pay Act retaliation claims and **DISMISSES WITHOUT PREJUDICE** these claims. But the Court **DENIES** the motion as to Cook's other claims. The Court also **GRANTS** Cook leave to amend her complaint to cure its deficiencies within 28 days of this order.

**I. Background**

Omnicom Group (Omnicom) is a foreign for-profit corporation with its principal place of business in New York. Its business primarily focuses on marketing, advertising, and media. Cook is a former high-level executive for TPN Holdings LLC (TPN), previously known as Integer, which is a subsidiary of Omnicom.

Cook began working with TracyLocke, another Omnicom subsidiary, in October 2002. She became Senior Vice President of Client Leadership of Integer Dallas in June 2004 and was promoted to President of Integer Dallas in October 2005.

1

She was then promoted to the CEO of all of Integer in 2020.

Despite her strong performance in the role, Cook was paid significantly less than male executives who performed the same or similar work to her. Her predecessor, Mike Sweeney, earned $2.5 million per year between 2018 and 2020; in contrast Cook earned only $1 million per year between 2021 and 2023. Notably, TPN outperformed Sweeney's tenure on several metrics. At the same time, Michael Lovegrove, a younger CEO of TracyLocke, a smaller, less successful agency of Omnicom, was paid $75,000 more a year in base salary than Cook.

Between 2020 and 2024, Omnicom and TPN did not conduct any surveys of compensation earned by male and female executives. When Cook learned of the pay disparity in June 2023, she contacted Michael Larson, CEO of Diversified Agency Services, to report her findings. She reported her unequal pay, alleging that it reflected broader inequities at Omnicom. On June 22, 2023, Cook reported these complaints to Larson in writing. She followed up again on August 3, 2023, requesting a formal review of her pay, but she was allegedly ignored.

On April 9, 2024, Omnicom informed Cook that her position was being eliminated due to downsizing and that no other role was available for her. She was the only CEO removed without a new employment opportunity within the company and was allegedly denied the opportunity to be considered for other internal roles.

Following termination, Cook received six months of severance and a two-month transition period. Male executives, however, received different treatment. Sweeney was given a new role, a new title, and continued compensation and benefits.

Lovegrove was given a new role with no reduction in title or compensation. Other male executives across the company also allegedly received preferential treatment upon termination.

Cook brings five claims against Omnicom and TPN: (1) Title VII sex discrimination, (2) Title VII retaliation, (3) age discrimination under the Age Discrimination in Employment Act (ADEA), (4) Equal Pay Act sex discrimination, and (5) retaliation under the Equal Pay Act.[1] Omnicom and TPN moved to dismiss.

## II.    Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[2] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[4] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[5] And a claim is plausible on its face when supported by

---

[1] Cook originally also brought claims ADEA retaliation and claims under the Texas Commission on Human Rights Act but waived them in her response brief to the present motion.

[2] FED. R. CIV. P. 12(b)(6).

[3] FED. R. CIV. P. 8(a)(2).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[7] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[8]

### III. Analysis

Omnicom and TPN offer five independent bases for dismissal of either the complaint in full or specific claims in Cook's complaint. First, they argue that Cook's complaint constitutes an improper group pleading. Second, Omnicom argues that Cook has failed to establish that it was her employer. Third, they argue that Cook failed to adequately plead her Equal Pay Act, Title VII, and Age Discrimination claims. The Court takes each in turn.

### A. Improper Group Pleading

Omnicom and TPN first argue that Cook's entire complaint should be dismissed as an improper group pleading.

Under the federal pleading standards, "allegations based on a theory of collective responsibility cannot withstand a motion to dismiss" because the federal

---

[6] *Iqbal*, 556 U.S. at 678.

[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[8] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

pleading requirements "entitle *each defendant* to know what he or she did that is asserted to be wrongful."[9]

This Court's holding in *Childers* is instructive. In *Childers*, the plaintiff brought employment discrimination claims against three defendants but referred to them as a singular entity without any information about what each individual defendant is purported to have done.[10]

That is not the case here. Cook specifically alleges that Omnicom took actions such as "marginalizing her and targeting her for elimination," and offering a specific severance package.

To be sure, the complaint alleges that TPN and Omnicom are responsible for the alleged discriminatory pay scale, as Cook refers to the "Defendants" in that portion of the complaint. But that group allegation is key to Cook's single employer theory.

Accordingly, Cook's complaint does not constitute an improper group pleading.

### B. Failure to Establish Omnicom as an Employer

Omnicom next argues that Cook's complaint fails to establish an employer-employee relationship between it and Cook for the purposes of the Equal Pay Act, Title VII, and the ADEA. Cook responds that she has sufficiently pled that Omnicom and TPN are a single employer for the purposes of her claims. Because all

---

[9] *Childers v. Lifestyles Unlimited, Inc.*, 2023 WL 3961702, at *4 (N.D. Tex. June 12, 2023) (Starr, J.).

[10] *Id.*

5

parties agree that TPN was Cook's employer, the Court's analysis turns on Cook's allegations about Omnicom's involvement in her employment.

The Fifth Circuit has held that in civil rights actions, "superficially distinct entities may be exposed to liability upon a finding they represent a single, integrated enterprise: a single employer."[11]

Courts apply a four-factor test to determine whether two entities are a single employer: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."[12] "No single factor is dispositive," but the second factor—centralized control of labor relations—is "the most important one."[13] That said, the second factor alone cannot sustain a finding of a single employer.[14]

Cook alleges in her complaint that "at all relevant times, Defendant Omnicom Group exercised substantial control over Defendant TPN's operations, strategic direction, and personnel decisions, including those directly affecting Plaintiff."[15] Particularly she alleges that Omnicom maintained a discriminatory pay scale, marginalized and terminated her after she reported the disparity to them, offered her

---

[11] *Perry v. VHS San Antonio Partners, LLC*, 990 F.3d 918, 926 (5th Cir. 2021).

[12] *Id.* at 927.

[13] *Id.* at 927–28.

[14] *Id.* at 928.

[15] Doc. 1 at 3.

a disproportionately small role after her termination, and gave her a disproportionately small severance package.[16]

Cook's initial statement is conclusory and cannot be considered absent supporting facts.

Her remaining allegations lean toward an interrelation of operations.[17] While Omnicom's employment decisions and pay structure do not speak to commingling of bank accounts, control over books, issuance of paychecks, or preparation of TPN tax returns, they do indicate that Cook was a shared employee. Accordingly, this factor suggests a single entity.

Those same allegations also support finding of "centralized control of labor relations."[18] The Fifth Circuit has distilled this inquiry to: "What entity made the final decisions on employment matters regarding the person claiming discrimination?"[19] Cook's complaint alleges that Omnicom set up the alleged discriminatory pay scale, terminated Cook's position, and offered her disparate new job position and severance packages. So Cook's complaint on its face alleges that Omnicom made the final decisions. And because this factor is most important, this strongly favors finding a single entity existed here.

---

[16] In her response brief, Cook provides several pages of evidence of Omnicom's control over TPN, including an Adweek article, Omnicom's website, SEC filings, and LinkedIn profiles. But Cook neither asked the Court to take judicial notice of this information nor are these documents attached to her complaint and central to the claims. So the Court will not consider it. *See Sevilla v. Fed. Nat'l Mort. Ass'n*, 2017 WL 697783, at *2 n.2 (N.D. Tex. Feb. 27, 2017) (Boyle, J.).

[17] *See generally Perry*, 990 F.3d at 927 (listing the factors to consider).

[18] *Id.*

[19] *Id.*

7

For the same reasons, factor three—common management—favors finding a single entity.

Because three of the four factors favor the finding of a single entity, the Court concludes that Cook's complaint sufficiently alleges that Omnicom was her employer for purposes of the Equal Pay Act, Title VII, and the ADEA.

### C. Equal Pay Act and Title VII Retaliation

Omnicom and TPN next argue that Cook has failed to sufficiently allege her Equal Pay Act and Title VII retaliation claims. Because the analysis for these claims is identical, the Court addresses them together.[20]

To state a retaliation claim under Title VII or the Equal Pay Act, a plaintiff must allege that: "(1) she engaged in protected activity; (2) that an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action."[21]

Omnicom and TPN first argue that Cook has failed to sufficiently plead that she engaged in a protected activity. "To be a protected activity, the employee's conduct must have opposed the employer's practice and the plaintiff must have reasonably believed the practice was unlawful."[22] Certainly, "not all abstract grumblings or vague expression of discontent are actionable as complaints."[23] But

---

[20] *See Thibodeaux-Woody v. Hou. Cnty. College*, 593 Fed. App'x 28, 285 (5th Cir. 2014).

[21] *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 348 (5th Cir. 2023) (cleaned up).

[22] *Id.*

[23] *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 626 (5th Cir. 2008) (cleaned up). While *Hagan* is a FLSA case, the Fifth Circuit applies the same standard to Title VII and Equal Pay claims. *See id.* at 624.

8

"an informal, internal complaint" *may* "constitute protected activity" because it "captures the anti-retaliation goals" of the Equal Pay Act and Title VII.[24]

Cook alleges that she met in person with Michael Larson, the CEO of Diversified Agency Services, to report the alleged discriminatory pay scale and followed up twice via email, emphasizing the importance of women receiving equal pay, including herself. To be sure, this was not a formal complaint of sex discrimination. But it is more than abstract grumbling. While an informal complaint is not necessarily protected activity, the facts alleged here plausibly constitute protected activity under the Equal Pay Act and Title VII.

Next, Omnicom and TPN argue that Cook's complaint fails to demonstrate causation for two reasons. They argue, first, that Cook doesn't allege retaliatory adverse employment actions, and second, that the gap between her protected activity and the alleged retaliation is too long to show causation.

Omnicom and TDP's first argument falls flat with only a cursory review of Cook's complaint. Cook alleges that her position was eliminated, that the new role Omnicom offered her was a lower-level position, and that Omnicom and TPN did not consider her for roles of comparable stature to her previous role. These allegations plausibly show retaliation by Omnicom and TPN.

That said, the Court agrees with the defendants' second argument. "To establish causality, the protected activity and the adverse action must have very close temporal proximity, and a five-month lapse is not close enough to establish the causal

---

[24] *Id.* (cleaned up).

connection element of a prima facie case of retaliation."[25] Here, Cook alleges that Omnicom and TPN's retaliation occurred eight months after her last communication with Mr. Larson about her pay. Accordingly, Cook's complaint fails to sufficiently allege a causal connection between her protected activity and the alleged retaliation.

So the Court dismisses her Equal Pay Act and Title VII retaliation claims without prejudice.

### D. Title VII and Equal Pay Act Discrimination based on Unequal Pay

Omnicom and TPN's next argument is that Cook's Equal Pay Act and Title VII pay discrimination claims should be dismissed because her complaint fails to allege sufficient facts that a similarly situated male comparator received higher compensation for substantially equal work. A properly identified comparator is required for both claims.[26]

Cook identifies two potential comparators: her immediate predecessor, Mike Sweeney, and Michael Lovegrove, CEO of "Omnicom's smaller and less successful agency TracyLocke."[27] Omnicom and TPN argue neither can serve as a comparator because of key differences in their roles.

This argument fails. The Fifth Circuit has made clear that analysis scrutinizing whether a plaintiff's comparators "were really similarly situated . . . [is] more suited to the summary judgment phase."[28] All Cook must allege at this stage is

---

[25] *Newbury v. City of Windcrest, Tex.*, 991 F.3d 672, 679 (5th Cir. 2021) (cleaned up).

[26] *Rodriguez v. City of Corpus Christi*, 129 F.4th 890, 899 (5th Cir. 2025) (cleaned up); *Badgerow v. REJ Properties, Inc.*, 974 F.3d 610, 617 (5th Cir. 2020) (cleaned up).

[27] Doc. 1 at 5.

[28] *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 768 (5th Cir. 2019) (cleaned up).

"the ultimate elements of the claim to survive a motion to dismiss."[29] She has done so.

Cook alleges that she was paid less than similarly situated employees for similar work. Whether Sweeney and Lovegrove were *in fact* similarly situated is a question for summary judgment.[30]

So Cook's Title VII and Equal Pay Act discrimination claims based on pay disparity should not be dismissed.

### F. Other Theories of Title VII and ADEA Discrimination

Omnicom and TPN's final argument is that Cook's Title VII and ADEA discrimination claims should be dismissed to the extent they are not based on unequal pay and retaliatory termination. Cook claims that she was discriminated in two additional ways: (1) denial of an opportunity to be considered and apply for comparable internal roles that were instead given younger males; and (2) being offered a severance package inferior to similarly situated males.

To state a claim for Title VII discrimination, a plaintiff must show:

> (1) that the plaintiff is a member of a protected class under the statute; (2) that he applied and was qualified for a job or promotion for which his employer was seeking applicants; (3) that, despite his qualifications, he was rejected; (4) that afterwards the position remained open and the employer continued to look for candidates with plaintiff's qualifications.[31]

The ADEA claim has the same elements.[32]

---

[29] *Id.* (cleaned up).

[30] *Id.*

[31] *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).

[32] *See Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

So all Cook must do at *this stage* of litigation is allege facts sufficient to establish the ultimate elements of her claims.[33] And she does.

She alleges that she was never considered for or allowed to apply for Lovegrove's role of Chief Experience Officer, despite her greater experience and success within the company. **(Doc. 1 at 7).** Likewise she pleads that her severance package was inferior to her male predecessor, Sweeney. **(Doc. 1 at 7-8).** That is all she need allege at this stage of litigation.[34]

So Omnicom and TPN's motion to dismiss Cook's Title VII and ADEA claims, to the extent they are based on alleged unequal opportunities and severance, is denied.

## IV.   Conclusion

Accordingly, the Court **GRANTS** Omnicom and TPN's motion as to Cook's Title VII and Equal Pay Act Retaliation claims and **DISMISSES THEM WITHOUT PREJUDICE.** The Court **DENIES** the motion as to all other claims. The Court also **GRANTS** Cook leave to amend her complaint to cure its deficiencies within 28 days of the issuing of this order. The changes to the complaint are limited to those needed to cure the deficiencies this order identifies.

**IT IS SO ORDERED** this 11th day of November, 2025.

---

[33] *Cicalese*, 924 F.3d at 768.

[34] *Id.*

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

13